UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ELSOR MATTHEWS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:11-CV-278-JMS-WGH |
| | ) | |
| SUPERINTENDENT, Wabash Valley | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Elsor Matthews seeks habeas corpus relief. Having considered Matthews' petition, the respondent=s return to order to show cause, and the expanded record, the court finds that the habeas petition must be **denied** and this action **dismissed with prejudice.** In addition, the court finds that a certificate of appealability should not issue.

### I. Nature of the Case

Elsor Matthews seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

### II. Parties

Matthews is confined at a state prison in Indiana. The respondent is Matthews' custodian, sued in his official capacity as a representative of the State of Indiana.

### III. Procedural Background

Matthews was convicted after trial by jury of Aggravated Battery and Intimidation. His conviction was affirmed on appeal, *Matthews v. State*, No. 27A02-0508-CR-710 (Ind.Ct.App.

Jan. 19, 2006), and the denial of his petition for post-conviction relief was also affirmed on appeal in *Matthews v. State*, No. 27A02-1003-PC-370 (Ind. Ct.App. Feb. 18, 2011).

The filing of this action followed. The record has been appropriately expanded and the matter is fully at issue.

## IV. Statement of Facts

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1); *Daniels v. Knight,* 476 F.3d 426, 434 (7th Cir. 2007). No showing of such a nature has been attempted here. The Court therefore adopts the factual account of the Indiana Court of Appeals in Matthews' direct appeal:

> The evidence most favorable to the convictions reveals that Matthews and R.S. had a romantic relationship that began in June 2003. In January 2004, however, R.S. obtained a protective order against Matthews. In the early morning hours of March 3, 2004, Matthews entered R.S.'s house and attacked her in the downstairs part of the house. R.S. called out for her two sons,[footnote omitted] who woke up and ran downstairs. One of the children observed Matthews kicking R.S. in the head. The other child also then came downstairs, and heard Matthews say as he went out the door, "if you call the cops I'm gonna kill you." Tr. P. 47. R.S. was unresponsive after the attack and was in critical condition with bleeding in her brain. She remained hospitalized for three weeks and required three weeks of physical therapy in order to learn how to walk again. Almost a year after the attack, R.S. still had cognitive memory problems.

*Matthews v. State*, No. 27A02-0508-CR-710, at pp. 2-3 (footnotes omitted).

## V. Matthews' Claims

Matthews seeks habeas corpus relief based on the following four grounds: (1) the trial court erred in admitting certain hearsay evidence; (2) the trial court erred in failing to instruct the jury on the lesser included offense of domestic battery; (3) the trial court erred by instructing the jury that it could only consider finding him guilty of class C felony battery if it first concluded he

was not guilty of class B felony aggravated battery: and (4) he was denied the effective assistance of counsel.

## VI. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Matthews filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). When a habeas petitioner's claim was adjudicated on the merits in State court proceedings, section 2254(d) provides that a federal court may grant a writ of habeas corpus only if that adjudication was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Thus, when a habeas petitioner has "exhausted his state court remedies without properly asserting his federal claim at each level of the state court review"—and the opportunity to raise that claim in state court has passed—the petitioner has procedurally defaulted that claim. *Lewis v. Sternes,* 390 F.3d 1019, 1026 (7th Cir. 2004).

"When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003). Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene,* 527 U.S. 263, 282 n.24 (1999). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell,* 547 U.S. 518, 536 (2006); *Coleman,* 501 U.S. at 750. Under this narrow exception, a habeas applicant must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's. . . ." *Buie v. McAdory,* 341 F.3d 623, 626–27 (7th Cir. 2003) (emphasis in original). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998).

## VII. Analysis

### A. Admission of Hearsay Evidence

"[A] federal habeas court has nothing whatsoever to do with reviewing a state court ruling on the admissibility of evidence under state law. State evidentiary law simply has no effect on [a court's] review of the constitutionality of a trial, unless it is asserted that the state law itself violates the Constitution." *Pemberton v. Collins,* 991 F.2d 1218, 1223 (5th Cir. 1993). Matthews' claim concerning the assertedly improper admission of evidence is thus not cognizable under § 2254(a). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

The Court finds it unnecessary to analyze a claim which is not cognizable under the procedural default doctrine or in any other respect, although the respondent is correct that this claim was not properly preserved in the state courts and Matthews has not overcome the consequences of that default.

Matthews is not entitled to relief based on his first habeas claim.

### B. Failure to Instruct Jury as to Lesser Included Offense

Matthews claims that the trial court erred in failing to instruct the jury on the lesser included offense of domestic battery. This claim has not been properly preserved in the state courts for federal habeas review because it was not presented in the petition to transfer following issuance of the decision in Matthews' direct appeal. Matthews has not overcome the consequences of that default.

Even if the Court concluded otherwise with respect to the question of procedural default, the Indiana Court of Appeals correctly explained that in Indiana Domestic Battery is not a lesser included offense of Battery because the elements of the two offenses are different. *Matthews v. State*, No. 27A02-0508-CR-710, at pp. 6-7.

Matthews is not entitled to relief based on his second habeas claim.

### C. Instruction of Caveat to the Jury

Matthews argues that the trial court erred by instructing the jury with a caveat that it could only consider finding him guilty of Class C felony battery if it first concluded he was not guilty of Class B felony aggravated battery. This claim was included in his direct appeal, but was not "fairly presented" as a federal claim by Matthews in his petition to transfer to the Indiana Supreme Court on direct review. *See Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006) ("the claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis.")(internal quotations and citations omitted).

Even if the Court concluded otherwise with respect to the question of fair presentment in Matthews' petition to transfer, the Indiana Court of Appeals correctly explained that it was up to the prosecutor to determine how to charge certain conduct and there was no showing of an improper motive in Matthews' case when bringing the charge as a Class B felony. *Matthews v. State*, No. 27A02-0508-CR-710, at pp. 8-9.

Matthews is not entitled to relief based on his third habeas claim.

### D. Ineffective Assistance of Trial and Appellate Counsel

Matthews claims that he was denied the effective assistance of counsel at trial and in his direct appeal because his counsel did not effectively argue that the instruction error argument noted above violated the Proportionality Clause in Article I Section 16 of the Indiana Constitution. This claim was presented by Matthews in his action for post-conviction relief and in the appeal from the denial of the petition for post-conviction relief. Matthews then failed to properly file a petition to transfer from the appellate decision in affirming the denial of his petition for post-conviction relief. His failure to do so constitutes his procedural default with respect to the claim of ineffective assistance of counsel. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."); *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996)("Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.").

Matthews also presents his claim of ineffective assistance of counsel as "cause" for the procedural default which occurred with respect to the first three claims in his habeas petition. Although it is true that ineffective assistance of counsel rising to the level of a constitutional violation can constitute "cause" sufficient to excuse a procedural default, *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Steward v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir. 1996), it does not do so in this case because as just noted it has not been independently and fully presented to the Indiana state courts. *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995); *Lostutter v. Peters,* 50 F.3d 392, 396 (7th Cir. 1995).

Apart from Matthews' procedural default as to his claim of ineffective assistance of counsel, he is not entitled to relief based on that claim.

A defendant has a right under the Sixth Amendment to effective assistance of counsel at trial. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel under *Strickland,* the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.,* at 687. The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers.

The Indiana Court of Appeals recognized the governing *Strickland* standard and focused on the element of prejudice. With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009) (internal citations and quotations omitted).

The Indiana Court of Appeals endorsed the trial court's *Strickland* analysis and then explained: "Because the three crimes do not have identical elements, the proportionality clause of our Constitution is not offended if our legislature assigns different sentences to them."

*Matthews v. State*, No. 27A02-1003-PC-370, at p. 7. As the foregoing shows, the Indiana Court of Appeals "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," Matthews' claim of ineffective assistance of counsel at trial and on appeal does not support the award of habeas corpus relief. *Murrell v. Frank,* 332 F.3d 1102, 1111-12 (7th Cir. 2003)(citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

Matthews is not entitled to relief based on his fourth habeas claim.

## VIII. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). One of these is the doctrine of procedural default. That is the barrier Matthews faces here as to each of his claims, and he has failed to overcome that barrier. Separately, moreover, his claims do not warrant relief in light of the deferential standard required by the AEDPA. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). His habeas petition must therefore be denied.

Judgment consistent with this Entry shall now issue.

## IX. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Matthews has failed to show

that failed to show that (1) reasonable jurists would find this court's Aassessment of the constitutional claims debatable or wrong,@ or (2) reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 06/10/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Elsor Matthews
No. 893643
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
Carlisle, IN 47838

All Electronically Registered Counsel